051376/16624/JAF/SJB

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| PISTON TANK CORPORATION AND BULK TRANSPORT COMPANY EAST, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHEMTOOL INCORPORATED; THE LUBRIZOL CORPORATION, HOLIAN INSULATION COMPANY, INC., <br><br> Defendants. | Case Number |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, PISTON TANK CORPORATION and BULK TRANSPORT COMPANY EAST, INC., by and through their attorneys, CASSIDAY SCHADE LLP, and for its Complaint at Law against the Defendants, CHEMTOOL INCORPORATED, THE LUBRIZOL CORPORATION, HOLIAN INSULATION COMPANY, INC., state as follows:

## NATURE OF THE ACTION

1. This is an action for property damage and loss of use suffered by Plaintiffs as a direct and proximate result of the Defendants' negligent and wrongful conduct in connection with a massive explosion and chemical fire at the Chemtool Plant located in Rockton, Illinois on June 14, 2021.

**PARTIES**

2. Plaintiff PISTON TANK CORPORATION (hereinafter "PISTON TANK") is a corporation organized and existing under the laws of Missouri with its principal place of business in Fenton, Missouri.

3. Plaintiff BULK TRANSPORT COMPANY EAST, INC. ("BTC EAST"), is a corporation organized and existing under the laws of Missouri with its principal place of business in Fenton, Missouri.

4. Defendant CHEMTOOL INCORPORATED ("CHEMTOOL") is a corporation organized and existing under the laws of Delaware with its principal place of business in Rockton, Illinois, and was at all times present and doing business in the State of Illinois.

5. Defendant, THE LUBRIZOL CORPORATION ("LUBRIZOL"), is a corporation organized and existing under the laws of Ohio with its principal place of business in Wickliffe, Ohio, and was at all times present and doing business in the State of Illinois.

6. Defendant, HOLIAN INSULATION COMPANY, INC. ("HOLIAN"), is a corporation organized and existing under the laws of Illinois with its principal place of business in Spring Grove, IL, and was at all times present and doing business in the State of Illinois.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because this case is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

8. This court has personal jurisdiction over Defendants pursuant to and consistent with the Constitutional requirements of Due Process in that Defendants transacted business

within the State of Illinois, committed tortious acts within the State of Illinois, and regularly conduct business within the State of Illinois.

9. Venue is properly set in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

**COMMON ALLEGATIONS AS TO ALL COUNTS**

10. On June 14, 2021, the Defendant CHEMTOOL owned, operated, maintained, possessed, and controlled a chemical plant (the "Chemtool Plant") located at 1165 Prairie Hill Road in Rockton, Illinois 61702, where Defendant CHEMTOOL stored a variety of dangerous chemicals, including lead, antifreeze, nitrogen, and sulfuric acid.

11. On June 14, 2021, the Defendant, LUBRIZOL, was the parent company of Defendant CHEMTOOL and directly and/or through its subsidiary CHEMTOOL, owned, operated, maintained, possessed, and/or controlled the Chemtool Plant where it and/or CHEMTOOL stored a variety of dangerous chemicals, including lead, antifreeze, nitrogen, and sulfuric acid.

12. On June 14, 2021, the Defendant, HOLIAN, was engaged in performing certain work at the Chemtool Plant, including but not limited to, work on an insulation project.

13. On June 14, 2021, an explosion occurred at the Chemtool Plant, resulting in a massive chemical fire that consumed the nearby area.

14. At all relevant times, the Plaintiff, PISTON TANK, was the owner of three piston tank trailers that were lawfully on the premises of the Chemtool Plant when the explosion and chemical fire occurred.

15. The three piston tank trailers owned by PISTON TANK were a 1981 TEC Piston Tank Trailer (#6508), a 1986 Brenner Piston Tank Trailer (#6512), and a 1988 Brenner Piston Tank Trailer (#6517).

*1981 TEC Piston Tank Trailer*

16. At all relevant times, PISTON TANK had leased a 1981 TEC Piston Tank Trailer (#6508) to Plaintiff, BTC EAST, which trailer sustained severe property damage in the explosion and chemical fire at the Chemtool Plant.

17. The 1981 TEC Piston Tank Trailer sustained severe damages including, but not limited to, damages to the tank, internal piston system, drive line, outer body panels, controls, hydraulics, electrical system, control station, and laser system.

18. As a result of the severe property damage sustained in the explosion and chemical fire, the 1981 TEC Piston Tank Trailer was rendered a total loss.

19. As a direct and proximate result of the acts and omissions of Defendants, PISTON TANK suffered the loss of the 1981 TEC Piston Tank Trailer, which trailer has a replacement cost of $186,677.40, plus approximately $20,000.00 for the final piston assembly, including, but not limited to, the installation of the pump, laser and control box, blower, drive line, bearings, and pulleys.

20. As a direct and proximate result of the acts and omissions of the Defendants, BTC EAST suffered the loss of the use of the 1981 TEC Piston Tank Trailer from June 14, 2021 to May 18, 2023, and has incurred loss of use expenses in the amount of $95,133.75.

*1986 Brenner Piston Tank Trailer*

21. At all relevant times, PISTON TANK had leased a 1986 Brenner Piston Tank Trailer (#6512) to Plaintiff, BTC EAST, which trailer sustained severe property damage in the explosion and chemical fire at the Chemtool Plant.

22. The 1986 Brenner Piston Tank Trailer sustained severe damages including, but not limited to, damages to the tank, internal piston system, drive line, outer body panels, controls, hydraulics, electrical system, control station, and laser system.

23. As a result of the severe property damage sustained in the explosion and chemical fire, the 1986 Brenner Piston Tank Trailer was rendered a total loss.

24. As a direct and proximate result of the acts and omissions of Defendants, PISTON TANK suffered the loss of the 1986 Brenner Piston Tank Trailer, which trailer has a replacement cost of $186,677.40, plus approximately $20,000.00 for the final piston assembly, including, but not limited to, the installation of the pump, laser and control box, blower, drive line, bearings, and pulleys.

25. As a direct and proximate result of the acts and omissions of the Defendants, BTC EAST suffered the loss of the use of the 1986 Brenner Piston Tank Trailer from June 14, 2021 to June 15, 2023 and has incurred loss of use expenses in the amount of $200,592.00.

*1988 Brenner Piston Tank Trailer*

26. At all relevant times, PISTON TANK had leased a 1988 Brenner Piston Tank Trailer (#6517) to Plaintiff, BTC EAST, which trailer sustained severe property damage in the explosion and chemical fire at the Chemtool Plant.

27. The 1988 Brenner Piston Tank Trailer sustained severe damages including, but not limited to, damages to the tank, internal piston system, drive line, outer body panels, controls, hydraulics, electrical system, control station, and laser system.

28. As a result of the severe property damage sustained in the explosion and chemical fire, the 1988 Brenner Piston Tank Trailer was rendered a total loss.

29. As a direct and proximate result of the acts and omissions of Defendants, PISTON TANK suffered the loss of the 1986 Brenner Piston Tank Trailer, which trailer has a replacement cost of $186,677.40, plus approximately $20,000.00 for the final piston assembly, including, but not limited to, the installation of the pump, laser and control box, blower, drive line, bearings, and pulleys.

30. As a direct and proximate result of the acts and omissions of Defendant CHEMTOOL, BTC EAST suffered the loss of use of the 1988 Brenner Piston Tank Trailer from June 14, 2021 to July 10, 2023 and has incurred, and/or will incur, loss of use expenses in the amount of $142,692.00.

**COUNT I – PISTON TANK CORPORATION VS. CHEMTOOL INCORPORATED**

31. Plaintiff PISTON TANK realleges the allegations contained in Paragraphs 10 through 30 of the "Common Allegations as to All Counts" as its Paragraph 31 of Count I as though fully incorporated herein.

32. At all relevant times, it was the duty of the Defendant, CHEMTOOL, to exercise reasonable care to prevent property damage to PISTON TANK's property on the Chemtool Plan premises.

6

33. At all relevant times, it was the duty of the Defendant, CHEMTOOL, to operate the Chemtool Plant using reasonable care, complying with all industry standards, and to comply with all duties assumed or imposed by law.

34. At all relevant times, it was the duty of the Defendant, CHEMTOOL, to prevent chemical spills and/or fires.

35. At all relevant times, it was the duty of the Defendant, CHEMTOOL, to mitigate the risk of chemical spills and/or fires.

36. Defendant CHEMTOOL breached the aforementioned duties through the following acts and/or omissions:

   a) failed to plan for and take sufficient safety and precaution measures to prevent and explosion;

   b) failed to plan for and take sufficient safety and precaution measures to prevent a fire;

   c) failed to plan for and take sufficient safety and precaution measures to extinguish and/or suppress a fire;

   d) failed to supervise and manage personnel for Defendant HOLIAN working on an insulation project at the Chemtool Plant;

   e) allowed an explosion and fire to severely damage the three piston tank trailers lawfully on the Chemtool Plant premises;

   f) failed to adequately protect PISTON TANK's property that was lawfully on the Chemtool Plant premises;

   g) other careless and/or negligent acts to be shown at trial.

37. As a direct and proximate result of the acts and omissions of Defendant CHEMTOOL, the 1981 TEC Piston Tank Trailer, the 1986 Brenner Piston Tank Trailer, and the 1988 Brenner Piston Tank Trailer sustained severe property damages, rendering each trailer a total loss.

7

38. As a direct and proximate result of the acts and omissions of Defendant CHEMTOOL, PISTON TANK incurred total damages, including the replacement cost of the 1981 TEC Piston Tank Trailer, 1986 Brenner Piston Tank Trailer, and 1988 Brenner Piston Tank Trailer, in the amount of $620,032.20.

WHEREFORE, the Plaintiff, PISTON TANK, by its attorneys, CASSIDAY SCHADE LLP, respectfully prays that this Honorable Court enter judgment in its favor and against the Defendant, CHEMTOOL, in the amount of $620,032.20, plus PISTON TANK's litigation costs, fees, expenses, and for any other relief that this Court deems just and fair.

## COUNT II – BULK TRANSPORT COMPANY EAST, INC. VS. CHEMTOOL INCORPORATED

39. Plaintiff BTC EAST realleges the allegations contained in Paragraphs 10 through 30 of the "Common Allegations as to All Counts" as its Paragraph 39 of Count II as though fully incorporated herein.

40. At all relevant times, it was the duty of the Defendant, CHEMTOOL, to exercise reasonable care to prevent property damage to BTC EAST's property on the Chemtool Plan premises.

41. At all relevant times, it was the duty of the Defendant, CHEMTOOL, to operate the Chemtool Plant using reasonable care, complying with all industry standards, and to comply with all duties assumed or imposed by law.

42. At all relevant times, it was the duty of the Defendant, CHEMTOOL, to prevent chemical spills and/or fires.

43. At all relevant times, it was the duty of the Defendant, CHEMTOOL, to mitigate the risk of chemical spills and/or fires.

44. Defendant CHEMTOOL breached the aforementioned duties through the following acts and/or omissions:

   a) failed to plan for and take sufficient safety and precaution measures to prevent and explosion;

   b) failed to plan for and take sufficient safety and precaution measures to prevent a fire;

   c) failed to plan for and take sufficient safety and precaution measures to extinguish and/or suppress a fire;

   d) failed to supervise and manage personnel for Defendant HOLIAN working on an insulation project at the Chemtool Plant;

   e) allowed an explosion and fire to severely damage the three piston tank trailers lawfully on the Chemtool Plant premises;

   f) failed to adequately protect BTC EAST's property that was lawfully on the Chemtool Plant premises;

   g) other careless and/or negligent acts to be shown at trial.

45. As a direct and proximate result of the acts and omissions of Defendant CHEMTOOL, the 1981 TEC Piston Tank Trailer, the 1986 Brenner Piston Tank Trailer, and the 1988 Brenner Piston Tank Trailer sustained severe property damages, rendering each trailer a total loss.

46. As a direct and proximate result of the acts and omissions of Defendant CHEMTOOL, BTC EAST incurred total damages, including the loss of use of the 1981 TEC Piston Tank Trailer, 1986 Brenner Piston Tank Trailer, and 1988 Brenner Piston Tank Trailer, in the amount of $438,417.75.

WHEREFORE, the Plaintiff, BTC EAST, by its attorneys, CASSIDAY SCHADE LLP, respectfully prays that this Honorable Court enter judgment in its favor and against the Defendant, CHEMTOOL, in the amount of $438,417.75, plus BTC EAST's litigation costs, fees, expenses, and for any other relief that this Court deems just and fair.

9

**COUNT III – PISTON TANK CORPORATION VS. THE LUBRIZOL CORPORATION**

47. Plaintiff PISTON TANK realleges the allegations contained in Paragraphs 10 through 30 of the "Common Allegations as to All Counts" as its Paragraph 47 of Count III as though fully incorporated herein.

48. At all relevant times, it was the duty of the Defendant, LUBRIZOL, to exercise reasonable care to prevent property damage to PISTON TANK's property on the Chemtool Plant premises.

49. At all relevant times, it was the duty of the Defendant, LUBRIZOL, to operate the Chemtool Plant using reasonable care, complying with all industry standards, and to comply with all duties assumed or imposed by law.

50. At all relevant times, it was the duty of the Defendant, LUBRIZOL, to prevent chemical spills and/or fires.

51. At all relevant times, it was the duty of the Defendant, LUBRIZOL, to mitigate the risk of chemical spills and/or fires.

52. Defendant LUBRIZOL breached the aforementioned duties through the following acts and/or omissions:

   a) failed to plan for and take sufficient safety and precaution measures to prevent and explosion;

   b) failed to plan for and take sufficient safety and precaution measures to prevent a fire;

   c) failed to plan for and take sufficient safety and precaution measures to extinguish and/or suppress a fire;

   d) failed to supervise and manage personnel for Defendant HOLIAN working on an insulation project at the Chemtool Plant;

   e) allowed an explosion and fire to severely damage the three piston tank trailers lawfully on the Chemtool Plant premises;

      f) failed to adequately protect PISTON TANK's property that was lawfully on the Chemtool Plant premises;

      g) other careless and/or negligent acts to be shown at trial.

53. As a direct and proximate result of the acts and omissions of Defendant LUBRIZOL, the 1981 TEC Piston Tank Trailer, the 1986 Brenner Piston Tank Trailer, and the 1988 Brenner Piston Tank Trailer sustained severe property damages, rendering each trailer a total loss.

54. As a direct and proximate result of the acts and omissions of Defendant LUBRIZOL, PISTON TANK incurred total damages, including the replacement cost of the 1981 TEC Piston Tank Trailer, 1986 Brenner Piston Tank Trailer, and 1988 Brenner Piston Tank Trailer, in the amount of $620,032.20.

WHEREFORE, the Plaintiff, PISTON TANK, by its attorneys, CASSIDAY SCHADE LLP, respectfully prays that this Honorable Court enter judgment in its favor and against the Defendant, LUBRIZOL, in the amount of $620,032.20, plus PISTON TANK's litigation costs, fees, expenses, and for any other relief that this Court deems just and fair.

### COUNT IV – BULK TRANSPORT COMPANY EAST, INC. VS. THE LUBRIZOL CORPORATION

55. Plaintiff BTC EAST realleges the allegations contained in Paragraphs 10 through 30 of the "Common Allegations as to All Counts" as its Paragraph 55 of Count IV as though fully incorporated herein.

56. At all relevant times, it was the duty of the Defendant, LUBRIZOL, to exercise reasonable care to prevent property damage to BTC EAST's property on the Chemtool Plant premises.

57. At all relevant times, it was the duty of the Defendant, LUBRIZOL, to operate the Chemtool Plant using reasonable care, complying with all industry standards, and to comply with all duties assumed or imposed by law.

58. At all relevant times, it was the duty of the Defendant, LUBRIZOL, to prevent chemical spills and/or fires.

59. At all relevant times, it was the duty of the Defendant, LUBRIZOL, to mitigate the risk of chemical spills and/or fires.

60. Defendant LUBRIZOL breached the aforementioned duties through the following acts and/or omissions:

   a) failed to plan for and take sufficient safety and precaution measures to prevent and explosion;

   b) failed to plan for and take sufficient safety and precaution measures to prevent a fire;

   c) failed to plan for and take sufficient safety and precaution measures to extinguish and/or suppress a fire;

   d) failed to supervise and manage personnel for Defendant HOLIAN working on an insulation project at the Chemtool Plant;

   e) allowed an explosion and fire to severely damage the three piston tank trailers lawfully on the Chemtool Plant premises;

   f) failed to adequately protect BTC EAST's property that was lawfully on the Chemtool Plant premises;

   g) other careless and/or negligent acts to be shown at trial.

61. As a direct and proximate result of the acts and omissions of Defendant LUBRIZOL, the 1981 TEC Piston Tank Trailer, the 1986 Brenner Piston Tank Trailer, and the 1988 Brenner Piston Tank Trailer sustained severe property damages, rendering each trailer a total loss.

62. As a direct and proximate result of the acts and omissions of Defendant LUBRIZOL, BTC EAST incurred total damages, including the loss of use of the 1981 TEC Piston Tank Trailer, 1986 Brenner Piston Tank Trailer, and 1988 Brenner Piston Tank Trailer, in the amount of $438,417.75.

WHEREFORE, the Plaintiff, BTC EAST, by its attorneys, CASSIDAY SCHADE LLP, respectfully prays that this Honorable Court enter judgment in its favor and against the Defendant, LUBRIZOL, in the amount of $438,417.75, plus BTC EAST's litigation costs, fees, expenses, and for any other relief that this Court deems just and fair.

### COUNT V – PISTON TANK CORPORATION VS. HOLIAN INSULATION COMPANY, INC.

63. Plaintiff PISTON TANK realleges the allegations contained in Paragraphs 10 through 30 of the "Common Allegations as to All Counts" as its Paragraph 63 of Count V as though fully incorporated herein.

64. On June 14, 2021, a HOLIAN agent and/or employee caused a scissor lift to strike a pressure tap on a pressurized hot oil return pipe in Chemtool Plant, creating an opening through which hot oil escaped.

65. As a result of hot oil escaping, a chemical fire ignited, which spread to the remainder of the Chemtool Plant facility.

66. At all relevant times, it was the duty of the Defendant, HOLIAN, to carry out the insulation project using reasonable care, complying with all industry standards, and to comply with all duties assumed or imposed by law.

67. At all relevant times, it was the duty of the Defendant, HOLIAN, to prevent chemical spills and/or fire while carrying out the insulation project.

68. At all relevant times, it was the duty of the Defendant, HOLIAN, to mitigate the risk of chemical spills and/or fire while carrying out the insulation project.

69. Notwithstanding the aforementioned duties, Defendant HOLIAN breached the aforementioned duties through the following acts and/or omissions:

a) Improper and dangerous use of a scissor lift in violation of Occupational Safety Health Act, § 5(a)(1), 29 U.S.C. §654(a)(1);

b) failed to properly screen the backgrounds of its employees to ensur that responsibly prudent laborers were employed on the site;

c) failed to exercise reasonable care in selecting and utilizing proper equipment to carry out their work;

d) failed to assess the worksite and identify all possible hazards;

e) failed to train and supervise employees carrying out the work;

f) failed to properly position the scissor lift;

g) failed to follow safety guidelines governing the use of scissor lifts;

h) failed to keep a proper lookout at all times;

i) failed to take reasonable measures to prevent the ignition of the heating oil released following the collision between the scissor lift and the overhead piping;

j) failed to train and supervise employees with respect to fire hazard recognition and emergency fire suppression measures;

k) failed to ensure adequate clearance was maintained between the scissor lift and overhead obstruction while operating the scissor lift;

l) failed to plan for and take sufficient safety and precaution measures to prevent an explosion;

m) failed to plan for and take sufficient safety and precaution measures to prevent a fire;

n) failed to plan for and take sufficient safety and precaution measures to extinguish a fire;

o) caused an explosion and chemical fire to severely damage the three piston tank trailers lawfully on the Chemtool Plant premises;

14

    p) failed to adequately protect BTC EAST's property that was lawfully on the Chemtool Plant premises;

    q) other careless and/or negligent acts to be shown at trial.

70. As a direct and proximate result of the acts and omissions of Defendant HOLIAN, the 1981 TEC Piston Tank Trailer, the 1986 Brenner Piston Tank Trailer, and the 1988 Brenner Piston Tank Trailer sustained severe property damages, rendering each trailer a total loss.

71. As a direct and proximate result of the acts and omissions of Defendant HOLIAN, PISTON TANK incurred total damages, including the replacement cost of the 1981 TEC Piston Tank Trailer, 1986 Brenner Piston Tank Trailer, and 1988 Brenner Piston Tank Trailer, in the amount of $620,032.20.

WHEREFORE, the Plaintiff, PISTON TANK, by its attorneys, CASSIDAY SCHADE LLP, respectfully prays that this Honorable Court enter judgment in its favor and against the Defendant, HOLIAN, in the amount of $620,032.20, plus PISTON TANK's litigation costs, fees, expenses, and for any other relief that this Court deems just and fair.

### COUNT VI – BULK TRANSPORT COMPANY EAST, INC. VS. HOLIAN INSULATION COMPANY, INC.

72. Plaintiff BTC EAST realleges the allegations contained in Paragraphs 10 through 30 of the "Common Allegations as to All Counts" as its Paragraph 72 of Count VI as though fully incorporated herein.

73. On June 14, 2021, a HOLIAN agent and/or employee caused a scissor lift to strike a pressure tap on a pressurized hot oil return pipe in Chemtool Plant, creating an opening through which hot oil escaped.

74. As a result of hot oil escaping, a chemical fire ignited, which spread to the remainder of the Chemtool Plant facility.

15

75. At all relevant times, it was the duty of the Defendant, HOLIAN, to carry out the insulation project using reasonable care, complying with all industry standards, and to comply with all duties assumed or imposed by law.

76. At all relevant times, it was the duty of the Defendant, HOLIAN, to prevent chemical spills and/or fire while carrying out the insulation project.

77. At all relevant times, it was the duty of the Defendant, HOLIAN, to mitigate the risk of chemical spills and/or fire while carrying out the insulation project.

78. Notwithstanding the aforementioned duties, Defendant HOLIAN breached the aforementioned duties through the following acts and/or omissions:

   a) Improper and dangerous use of a scissor lift in violation of Occupational Safety Health Act, § 5(a)(1), 29 U.S.C. §654(a)(1);

   b) failed to properly screen the backgrounds of its employees to ensur that responsibly prudent laborers were employed on the site;

   c) failed to exercise reasonable care in selecting and utilizing proper equipment to carry out their work;

   d) failed to assess the worksite and identify all possible hazards;

   e) failed to train and supervise employees carrying out the work;

   f) failed to properly position the scissor lift;

   g) failed to follow safety guidelines governing the use of scissor lifts;

   h) failed to keep a proper lookout at all times;

   i) failed to take reasonable measures to prevent the ignition of the heating oil released following the collision between the scissor lift and the overhead piping;

   j) failed to train and supervise employees with respect to fire hazard recognition and emergency fire suppression measures;

   k) failed to ensure adequate clearance was maintained between the scissor lift and overhead obstruction while operating the scissor lift;

    l) failed to plan for and take sufficient safety and precaution measures to prevent an explosion;

    m) failed to plan for and take sufficient safety and precaution measures to prevent a fire;

    n) failed to plan for and take sufficient safety and precaution measures to extinguish a fire;

    o) caused an explosion and chemical fire to severely damage the three piston tank trailers lawfully on the Chemtool Plant premises;

    p) failed to adequately protect BTC EAST's property that was lawfully on the Chemtool Plant premises;

    q) other careless and/or negligent acts to be shown at trial.

79. As a direct and proximate result of the acts and omissions of Defendant HOLIAN, the 1981 TEC Piston Tank Trailer, the 1986 Brenner Piston Tank Trailer, and the 1988 Brenner Piston Tank Trailer sustained severe property damages, rendering each trailer a total loss.

80. As a direct and proximate result of the acts and omissions of Defendant CHEMTOOL, BTC EAST incurred total damages, including the loss of use of the 1981 TEC Piston Tank Trailer, 1986 Brenner Piston Tank Trailer, and 1988 Brenner Piston Tank Trailer, in the amount of $438,417.75.

WHEREFORE, the Plaintiff, BTC EAST, by its attorneys, CASSIDAY SCHADE LLP, respectfully prays that this Honorable Court enter judgment in its favor and against the Defendant, HOLIAN, in the amount of $438,417.75, plus BTC EAST's litigation costs, fees, expenses, and for any other relief that this Court deems just and fair.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial as to all claims and issues triable of right by a jury.

                        Respectfully submitted,

                        PISTON TANK CORPORATION AND BULK
                        TRANSPORT COMPANY EAST, INC.

By:   /s/ Scott J. Brown
Scott J. Brown
ARDC No. 6206656
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
sbrown@cassiday.com

11458659